```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
```

| | |
|---|---|
| UNITED STATES | : |
| | : |
| v. | : Civil Action WMN-06-691 |
| | : |
| EARLY D. MONROE | : |

**MEMORANDUM**

The United States filed this suit on March 15, 2006, pursuant to 26 U.S.C. § 6672, to reduce to judgment a tax assessment made against Defendant Early D. Monroe. On January 19, 2007, after close of discovery, the United States filed a motion for summary judgment. Paper No. 13.[1] On January 30, 2007, the Clerk of Court sent a letter to Defendant explaining that a dispositive motion had been filed that, if granted, could lead to judgment being entered against him. The letter further explained that Plaintiff had 17 days from the day of that letter to file any relevant opposing materials. Although Defendant, during the pendency of this action, has filed a variety of documents and pleadings which include discussions about the Uniform Commerical Code, Admiralty law, the gold standard, the voluntariness of the income tax laws, and his belief that the state bar is an unconstitutional monopoly and that the United

---

[1] The United States has previously filed a motion for entry of default. Paper No. 4. Generously construing Defendant's various pleadings as an answer, the Court did not grant that motion. It will now be denied as moot.

States is still a British colony, he has not filed anything directly in opposition to the motion for summary judgment.

With its motion for summary judgment, the United States has filed a Certificate of Assessments and Payments and an Affidavit of Debt that establish that Defendant was assessed a trust fund recovery penalty in the amount of $212,094.64 for income and/or employment taxes that he failed to withhold from the wages of employees of Telemarc, Inc. and pay over to the government during the taxable period ending September 30, 1993.  With accrued interest, penalties, and costs, the amount due and owing to the United States as of June 15, 2006, was $496,389.00.

"Certificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made."  <u>Gentry v. U.S.</u>, 962 F.2d 555, 557 (6th Cir. 1992).  As Defendant has failed to proffer any cogent or comprehensible challenge to the government's proof, the Court finds that the United States is entitled to summary judgment.  A separate order will issue.

                                                                      /s/
                                            William M. Nickerson
                                            Senior United States District Judge

Dated: March 14, 2007